UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM HOUSMAN, | : | |
| | : | |
| Petitioner | : | No. 1:CV-11-0167 |
| | : | |
| vs. | : | (Judge Jones) |
| | : | |
| JOHN E. WETZEL, Secretary-designee, Pennsylvania Department of Corrections; LOUIS B. FOLINO, Superintendent of the State Correctional Institution at Greene; and MARIROSA LAMAS, Superintendent of the State Correctional Institution at Rockview, et al., | : | THIS IS A CAPITAL CASE |
| | : | |
| Respondents | : | |

## MEMORANDUM

March 22, 2012

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Petitioner, William Housman, and his co-defendant, Beth Ann Markman ("Markman"), were tried, jointly, on capital murder charges, by a jury in the Cumberland County Court of Common Pleas. Commonwealth v. Housman, CP-21-CR-0000246-2001. On November 1, 2001, Petitioner and Markman were both convicted of first degree murder and related charges. Id. On November 4,

2010, following a joint penalty phase, both Petitioner and Markman were sentenced to death. Id.

Petitioner filed a timely notice of appeal to the Pennsylvania Supreme Court. On December 29, 2009, his appeal was denied. Commonwealth v. Housman, 604 Pa. 596, 986 A.2d 822 (Pa. 2009). On March 12, 2010, the Pennsylvania Supreme Court denied Petitioner's Application for Reargument.

On October 4, 2010. Petitioner's timely petition for certiorari review was denied. Housman v. Pennsylvania, 131 S.Ct. 199, 178 L.Ed.2d 120(2010).

On January 24, 2011, Petitioner filed a motion for leave to proceed in forma pauperis and appointment of Federal Habeas Corpus Counsel, pursuant to 21 U.S.C. § 848(q). (Doc. 1, Motion). On February 4, 2011, this Court granted Petitioner in forma pauperis status, appointed counsel, and granted Petitioner a stay of execution. (Doc. 2, Order).

Presently before the Court is Petitioner's motion to stay federal proceedings[1] based on the June 17, 2011 filing of Petitioner's first PCRA petition,

---

[1] Petitioner also requests that the Court appoint federal counsel to represent him in his state PCRA action. Pursuant to 18 U.S.C. § 3006A and 28 U.S.C. § 2254(h), a court may appoint counsel to represent a petitioner in a habeas corpus case. However, those statutes do not authorize appointment of counsel for state court proceedings. 18 U.S.C. § 3599 does authorize appointment for some services in state proceedings subsequent to a federal habeas proceeding, such as clemency. See Harbison v. Bell,129 S.Ct. 1481, 1486–87, 173 L.Ed.2d 347 (2009). However, the

filed in the Court of Common Pleas for Cumberland County. (Doc. 3, Motion). For the reasons that follow, the Court will deny Petitioner's motion for a stay and dismiss the petition.

I. **Discussion**

### A. Statutory Framework

A district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the very fact or duration of his or her confinement. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).

---

services authorized by § 3599 do not include exhaustion of federal constitutional claims in state court. Cf Harbison, 129 S.Ct. at 1488–89. Petitioner "has no right to the assistance of federally appointed counsel or experts to exhaust state remedies." In re Joiner, 58 F.3d 143, 144 (5th Cir.1995) (per curiam) see also, Gary v. Humphrey, Slip Copy, 2011 WL 205772, Case No. 4:97–CV–181 CDL (M.D.Ga., 2011)(holding that appointed counsel shall continue to represent a state prisoner 'throughout every subsequent stage of available judicial proceedings' related to the federal action for which counsel was originally appointed)(citing In Re Lindsey, 875 F.2d 1502 (11th Cir.1989)(denying federally appointed counsel for pursuit of collateral state remedies in state court)).  Thus, this Court finds it  appropriate to deny Petitioner's request to appoint federally appointed counsel to represent him in pursuit of exhausting his state court remedies.

A petitioner filing for relief under the federal Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), must generally comply with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A), before a federal court can consider the merits of his habeas corpus petition. Pursuant to § 2254(b)(1)(A), the petitioner must give the state courts an opportunity to review allegations of error before seeking relief in federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); see also Rose v. Lundy, 455 U.S. 509, 518-19 (1982) (finding that before a federal court can adjudicate claims under habeas corpus, interests of comity and federalism dictate that the state courts must have the first opportunity to decide a petitioner's claims).

The AEDPA also establishes a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1); Wilson v. Beard, 426 F.3d 653, 659 (3d Cir. 2005). This one-year period runs from the date on which the judgment became final by the conclusion of direct review or when the time for seeking certiorari review expires. 28 U.S.C. § 2244(d)(1)(A); Clay v. United States, 537 U.S. 522, 525 (2003). The one-year limitations period is tolled,

4

however, while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2); see also Pace v. DiGuglielmo, 544 U.S. 408 (2005).

Under Pennsylvania's Post Conviction Relief Act, a petitioner must file for PCRA relief within one year of the date the judgment becomes final. 42 Pa. Cons. Stat. § 9545(b)(1). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review, including discretionary review in the United States Supreme Court and the Pennsylvania Supreme Court, or at the expiration of time for seeking such review. Id. § 9545(b)(3).

### B. Housman's Petition

In the instant case, Housman filed his federal habeas petition prior to seeking any state postconviction relief. Accordingly, Housman argues a stay should be entered in this case so he may exhaust his state claims without risk of the statute of limitations running on his federal claims. See Heleva v. Brooks, 581 F.3d 187 (3d Cir. 2009) (permitting stays of AEDPA petitions presenting unexhausted claims). Although courts have routinely entered stays to permit petitioners to exhaust state post-conviction proceedings, the Supreme Court has recognized that:

> Stay and abeyance, if employed too frequently, has the
> potential to undermine [the AEDPA's] purpose. Staying a

5

> federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

Rhines v. Weber, 544 U.S. 269, 277 (2005).  Accordingly, stays of federal habeas petitions pending the exhaustion of state remedies are available only where: (1) the petitioner has shown good cause for failing to exhaust his claims first in state court; (2) his unexhausted claims are potentially meritorious; and (3) the petitioner has not engaged in intentionally dilatory litigation tactics. Rhines, 544 U.S. at 277-278; Heleva, 581 F.3d at 190.

Unlike Rhines and Heleva, in the case at bar, there is little concern that declining to enter a stay in this matter will in any way prejudice Housman's ability to seek federal habeas relief.  The statute of limitations on Housman's federal and state post-conviction proceedings began to run on October 4, 2010.  On June 17, 2011, Housman filed a pro se petition for PCRA relief in the Court of Common Pleas, Clinton County, Pennsylvania. See Commonwealth of Pennsylvania v. Housman, CP-21-CR-0000246-2001, Criminal Docket Sheet.  On June 17, 2011, Attorneys Shawn Nolan and Eric John Montroy, entered their appearance on behalf of Petitioner.  Id.  By Orders dated July 11, 2011 and

September 9, 2011, the PCRA court granted Petitioner, through counsel, enlargements of time to file an amended PCRA petition. Id. Thus, the filing of Housman's PCRA petition tolled the one-year limitation period for Housman's AEDPA claims. 28 U.S.C. § 2244(d)(2). Therefore, once Housman exhausts his claims through the PCRA process, he will have 109 days remaining on his one-year limitation period in which to file a timely habeas petition. Because there is no real danger that failing to stay the proceedings on Housman's federal petition will result in his federal claims becoming time barred, entering a stay in this matter is not warranted. See, e.g., Sherwood v. Beard, No. 1:10-CV-1073, 2011 WL 6888653 (M.D. Pa. Dec. 30, 2011) (denying stay in capital case where Petitioner had "ample time to file a new habeas petition after exhausting his state claims"); Walter v. Beard, No. 1:09–CV–2465, 2011 WL 5593125 (M.D.Pa. Nov.17 2011) (refusing to grant a stay in a capital habeas proceeding when the petitioner would have 256 days to file a timely habeas petition after exhausting her claims in state court); Cummings v. Beard, No. 09-cv-4033, 2011 WL 239794 (E.D. Pa. Jan. 25, 2011) (concluding that where petitioner would have 248 days to file a timely habeas petition a stay under Rhines or Heleva was not warranted).

### C. Stay of Execution

7

On January 14, 2011, Pennsylvania Governor Rendell signed a death warrant, scheduling Petitioner's execution for February 24, 2011. (Doc. 1, Ex. A, Death Warrant).  On February 4, 2011, this Court granted Petitioner's motion to stay execution.  (Doc. 2, Order).  When Housman filed his motion to stay federal proceedings on July 22, 2011, his execution date had lapsed.[2]  His execution was no longer imminent because the original execution warrant had expired and no new warrant was ever issued.  While the Court recognizes that Pennsylvania law requires the reissuance of the warrant upon vacation of the federal stay, it also permits the Pennsylvania courts to grant another stay for post-conviction purposes

---

[2] Pursuant to 61 Pa.C.S.A. § 4302:

**(a) Time.--**

> (1) After the receipt of the record pursuant to 42 Pa.C.S. § 9711(i) (relating to sentencing procedure for murder of the first degree), unless a pardon or commutation has been issued, the Governor shall, within 90 days, issue a warrant specifying a day for execution which shall be no later than 60 days after the date the warrant is signed.
>
> (2) If, because of a reprieve or a judicial stay of the execution, the date of execution passes without imposition of the death penalty, unless a pardon or commutation has been issued, the Governor shall, within 30 days after receiving notice of the termination of the reprieve or the judicial stay, reissue a warrant specifying a day for execution which shall be no later than 60 days after the date of reissuance of the warrant.

upon a finding that "the petitioner makes a strong showing of likelihood of success on the merits." 42 Pa.C.S.A. § 9545(c)(2). Thus, upon renewal of the death warrant, Petitioner may file a motion to stay execution in the PCRA court.

## II. CONCLUSION

Because Housman is afforded ample time to return to this Court after he exhausts his state collateral claims, he has failed to satisfy the good cause requirement under Rhines. Finding that Housman has failed to show good cause for the stay and abeyance as delineated in Rhines, his motion to stay federal proceedings will be denied. Housman's stay of execution will be lifted, and his petition for writ of habeas corpus will be dismissed without prejudice. A certificate of appealability will be denied. An order consistent with this memorandum follows.